Honorable Meredith Ratcliff Prosecuting Attorney Adair County Post Office Box 422 Kirksville, Missouri 63501
Dear Mr. Ratcliff:
This opinion is in response to your question asking:
 "I can find no provisions in Act 135 which provides for the appointment and payment of additional clerks or deputies in the County Assessor's office.
 "What is the status of such clerks and deputies under Act 135?"
We note that Adair County is a third class county.
Act 135, to which you refer, is Act 135 of Vernon's Missouri Legislative Service, 1977. Such reference sets forth the provisions of Senate Bill No. 277, First Regular Session, 79th General Assembly, which is effective January 1, 1978.
As you have noted, there were substantial amendments to Section 53.071, RSMo Supp. 1975, which give rise to your question. Section 53.071 was amended in pertinent part as follows, the brackets showing the relevant language which was omitted and the underscored portion showing the relevant matter added:
 "1. [For the performance of their existing statutory duties and for the additional duties set forth in sections 53.081 and 53.091, each county assessor, except in counties of the first class, shall receive an annual salary for his services and shall, subject to the approval of the county court, appoint the additional clerks and deputies that he deems necessary for the prompt and proper discharge of the duties of his office. A portion of each county assessor's salary and of the salaries for his clerks and deputies shall be paid by the state in an amount equal to the sum paid by the state for the assessor's, clerks', and deputies' compensation in that county in the year 1969, and the remainder of the assessor's salary and the salaries for his clerks and deputies shall be paid by his county.] The salary of each county assessor, except in counties of the first class, shall be determined as follows: . . ."
In the bill as initially introduced, there was no proposed provision expressly relating to the hiring of deputies and clerical help for the assessor. In the house committee substitute for the bill, while there was no express language pertaining to the authority of the assessor or the county court to hire such deputies and clerks, there was inserted a provision, which did not pass which required a general reassessment of all property subject to taxation by the county and which also provided that the governing body of the county shall provide the assessor with sufficient funds to carry out the provisions of the section. As noted, Section 2 of House Committee Substitute for Senate Bill No. 277 did not remain in the bill and was omitted before the bill was truly agreed to and finally passed. However, another section newly designated, Section 137.710, which was contained in the perfected version of the bill as well as House Committee Substitute and was in the bill as truly agreed to and finally passed, provided:
 "1. A portion of the salary for the prior year of the assessor, deputies, clerks, officers and other employees of all counties and cities not within a county charged with duties imposed by law upon assessors, their clerks, deputies, officers and employees shall be paid by the state. The state shall pay one-half of such salaries for the year 1976 and each year thereafter shall pay the amount paid for the previous year plus not more than a five percent increase over that amount, but the amount paid by the state shall in no year exceed one-half of the actual salaries.
* * *
 "3. When the amount due has been determined by the state director of revenue, he shall pay such claims out of funds appropriated for that purpose."
In our Opinion No. 78, dated February 1, 1954, Saunders, this office held that the county court in counties of the third class may not employ clerical and stenographic personnel for the office of the assessor other than as provided in Section 53.095. Section 53.095, at that time, expressly authorized the county assessor in counties of classes three and four to appoint and fix the compensation of clerical or stenographic assistance as was necessary for the efficient performance of the duties of his office. Such compensation was to be paid from the county treasury subject to the approval of the county court and not to exceed a specified maximum. Section 53.095, however, was repealed by Laws of Missouri 1969, Third Extra Session, p. 78, Section 1, effective September 1, 1970, and in lieu thereof, Section 53.071, the section which is repealed and amended by Senate Bill No. 277, expressly provided that subject to the approval of the county court the assessor had the authority to appoint additional clerks and deputies that he deemed necessary for the prompt and proper discharge of the duties of his office. Such section also provided for the payment by the state of a portion of each county assessor's salary and the salaries of his clerks and deputies.
Section 53.060, RSMo, recognizes the authority of the assessor to appoint deputies by providing that the deputy assessors shall take the same oath and have the same power and authority as the assessor himself and that the assessor is responsible for the official actions of his deputies. Section 137.710, which we have quoted above from Senate Bill No. 277, is based on the premise that the county shall provide funds for payment of deputy assessors.
While it is our view that the authority of the assessor to appoint a deputy and to employ clerical assistance is not clearly and specifically provided for by statute after the effective date of Senate Bill No. 277, and is thus a proper subject for legislative action; it is also our view that the provisions which we have noted indicate that it was not the legislative intent to preclude the assessor from hiring deputies and assistants. The county court would, of course, have to approve the amount authorized for such employees. We believe that the confusion which has resulted from the changes made by Senate Bill No. 277 simply indicates careless drafting combined with an apparent thought on the part of the drafters that the rearrangement of the subject matter covered the entire question of the payment of such employees as well as the authority to hire such employees.
However, it is our conclusion that the legislature intended that the county assessor of such a county would have the authority to employ such personnel subject to the county court's approval of the amount authorized.
CONCLUSION
It is the opinion of this office that the county assessor of a third class county retains authority to employ deputy and other clerical personnel subject to the approval by the county court of the amount authorized notwithstanding the amendment of Section 53.071, RSMo Supp. 1975, by the provisions of Senate Bill No. 277, First Regular Session, 79th General Assembly, effective January 1, 1978.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General